IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA R., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03326-BT |
| | § | |
| KILOLO KIJAKAZI, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

# **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Kesha R.'s[1] *pro se* civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. (ECF No. 3). The District Court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. (ECF No. 1). Subsequently, the parties consented to have a United States magistrate judge conduct any and all further proceedings, including entry of a final judgment. (ECF No. 12). For the reasons explained below, the Court AFFIRMS the Commissioner's decision.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

**Background**

Plaintiff applied for disability insurance benefits (DIB) under Title II of the Social Security Act on November 17, 2017. Admin. R. 36 (ECF No. 19-1). She also filed a Title XVI application for supplemental security income (SSI) on December 4, 2017.[2] *Id.* In both applications, Plaintiff alleged disability beginning June 22, 2016 because of bipolar disorder, depression, short-leg syndrome, fibromyalgia, lumbar syndrome, arthritis, and scoliosis. *Id.* at 36, 436. She was born in 1984 and was 31 years old on her alleged onset-of-disability date. *See id.* at 50, 306. Plaintiff has a high-school education and can communicate in English. *Id.* at 50, 122. She has never had a full-time job and, to the extent she has worked, she has not participated in substantial gainful activity and thus has no past relevant work experience. *Id.* at 43, 50, 87, 103-04.

After the Commissioner denied Plaintiff's application initially, *id.* at 126, and upon reconsideration, *id.* at 231, a hearing to determine Plaintiff's disability status was held before an administrative law judge (ALJ). *Id.* at 33. The hearing took place by telephone on March 31, 2020. *Id.* at 93. Plaintiff was represented by an attorney at the hearing. *Id.* at 36, 96.

The ALJ subsequently issued a decision finding that Plaintiff is not disabled and is thus not entitled to DIB or SSI. *Id.* at 51-52. In her decision, the ALJ

---

[2] Plaintiff previously filed at least two other applications for SSI, which were denied. *See* Compl. 2 (ECF No. 3); Admin. R. at 36. The last unfavorable decision was issued on June 21, 2016. Admin. R. at 36.

conducted the legally required five-step analysis "to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

Under step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 22, 2016, the alleged onset date. Admin. R. 39. At step two, the ALJ found that Plaintiff had severe impairments of interstitial lung disease; chronic obstructive pulmonary disease; asthma; osteoarthritis of the hips; minimal bilateral hip synovitis with right trochanteric bursitis; partial tear of right gluteus; mild osteoarthritis of the right knee; congenital lumbar stenosis with degenerative disc disease; scoliosis; short leg syndrome; irritable bowel syndrome; gastroesophageal reflux disease; peripheral neuropathy; small fiber neuropathy; polyarthralgias and myalgias; fibromyalgia; undifferentiated connective tissue disorder; major depressive disorder; bipolar disorder; anxiety disorder; borderline personality disorder; and cannabis use disorder. *Id*. But the ALJ found that, under step three, Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id*. at 40.

At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform sedentary work with some physical limitations; could understand, remember, and carry out simple and routine instructions and tasks, as long as there are no fast paced production requirements; could learn, recall, and use simple instructions and tasks that involve simple work-related decisions with few, if any, workplace changes or changes in routine; and could hold jobs that involve working with the same types of things on a day to day basis. *Id.* at 42. While Plaintiff had no past relevant work, at step five the ALJ relied on the testimony of a vocational expert (VE) to find that Plaintiff could perform other jobs that exist in substantial number in the national economy, including document preparer, addressing clerk, and cutter paster. *Id.* at 50.

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* at 5-8. The Council denied review. *Id.* at 5. Plaintiff then filed this action in federal district court, in which she contends the ALJ erred in finding her not disabled.

**Legal Standards**

The Court's "review of Social Security disability cases is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted);

4

*see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance." (internal quotation marks omitted) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).

The ALJ, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the ALJ stated to support her decision. *Copeland*, 771 F.3d at 923 (citation omitted).

## Analysis

In her *pro se* brief, Plaintiff alleges she is "truly, physically and emotionally disabled" as a result of "many physical and psychological diagnoses," Pl.'s Br. 1 (ECF No. 21), but she fails to identify any specific basis for her challenge to the ALJ's decision. Instead, Plaintiff essentially invites the "Court to re-weigh the evidence and come to a different conclusion than did the Commissioner, which the Court may not do." *Anthony Deron F. v. Soc. Sec. Admin.*, 2021 WL 3625081, at *2 (N.D. Tex. July 27, 2021) (Horan, J.) (citing *Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006)), *rec. adopted sub nom.*, *Frazier v. Soc. Sec. Admin.*, 2021 WL 3618044 (N.D. Tex. Aug. 16, 2021). Indeed, Plaintiff asserts that she is merely "asking, once again, to receive some type of disability relief," and she inquires "[w]hat else [she] must do to prove that [she is] disabled for Social Security benefits?" Pl.'s Br. 1. Despite her earnest plea, the Court may only consider

5

whether the ALJ applied the proper legal standards, and whether her decision was supported by substantial evidence. *Copeland*, 771 F.3d at 923. Moreover, even if the Court disagreed with how the ALJ weighed the evidence, the Court is forbidden from "try[ing] . . . questions de novo, or [substituting its] judgment for the [ALJ]'s." *Fabian v. Berryhill*, 734 F. App'x 239, 244 (5th Cir. 2018) (per curiam). Plaintiff thus fails to identify any basis for the Court to overturn the ALJ's decision.

In her brief, Plaintiff appears to suggest that the Court should reverse the ALJ because she has "been deemed disabled by the Texas Health & Human Services Commission" and receives home health services in the form of assistance with her household chores and errands. Pl.'s Br. 1. But even assuming this is true, "a decision by any other governmental agency . . . about whether [an individual is] disabled . . . is not binding on [the Social Security Administration]." 20 C.F.R. § 404.1504. Furthermore, ALJs "will not provide any analysis in [their] determination or decision about a decision made by any other governmental agency." *Id.*

Having reviewed the ALJ's opinion and Plaintiff's brief and attachments, the Court finds that the ALJ applied the correct legal standards and that her findings—that Plaintiff is not disabled and can perform work available in the national economy—are supported by substantial evidence. Notably, no medical expert identified in the record claimed that Plaintiff was disabled under the Social Security regulations or opined that Plaintiff should be subject to stricter limitations than those set out by the ALJ. *See, e.g.*, Admin. R. 48-49. Even the letters Plaintiff

submits from her treating physicians in support of her brief similarly fail to suggest that she is disabled. Pl.'s Br. 2; Add. Att. 1 (ECF No. 22) ("I am unable to give an opinion regarding work restrictions and expected missed days from work."). Accordingly, the Court affirms the hearing decision in all respects.

## Conclusion

Plaintiff failed to identify any basis for overturning the ALJ's decision. The ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the Court AFFIRMS the Commissioner's decision.

**SO ORDERED.**

March 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE